[Civ. No. 12551.   Second Dist., Div. One.   Sept. 22, 1941.]

PHOEBE J. DAVIS et al., Respondents, v. OLYMPIC REFINING COMPANY (a Corporation), Appellant.

Nichols & Nichols and Edmond Nichols, Jr., for Appellant.

Preisker, Goble, Twitchell & Stephan for Respondents.

YORK, P. J.—Respondents as owners of certain real property situate in Santa Barbara County, on June 1, 1936, entered into an oil and gas lease with appellant Olympic Refining Company, as lessee, which provided in part as follows:

"3. The Lessee agrees to start the drilling of a well for oil within six months from the date of this agreement, and to continue the work of drilling such well, after commencing the same, with due diligence until a depth of 3000 feet has been reached, unless oil is discovered in paying quantities at a lesser depth, or unless such formations are encountered at a lesser depth as will indicate to the geologist of the Lessee that further drilling would be unsuccessful. . . .

"8. The Lessee may, by giving the Lessor written notice of intention so to do, extend the period for commencing the first well . . . for not to exceed five years by paying to the Lessor a rental of $2.00 per acre per month, payable monthly on the first day of each and every month in advance of said extended period. All rentals shall cease when drilling is commenced or the premises quitclaimed. Rental payable on the basis of 320 acres."

It is undisputed that lessee failed to commence the drilling of a well for oil within six months of the date of the agreement and paid the rental of $2.00 per acre each month from December 1, 1936, to and including August 1, 1938, upon a basis of 320 acres of land or $640 per month. On October 21, 1938, the instant action was commenced by the lessors to recover rentals alleged to be due and payable on September 1, and October 1, 1938. Up to the time of the trial, no well had been commenced on the said land, the land had not been quitclaimed, and a default had not been declared by the lessors under the lease. Neither had the written notice of extension provided for in the lease been given by the lessee.

At the conclusion of the trial, the court found that the total sum of $3200, being the rental for five months payable in advance on September 1, 1938, to and including January 1, 1939, was due and payable under the lease; and that lessee "did elect to extend the period for commencing the first well, as provided in said lease. That . . . both parties to said lease . . . waived any written notice provided for in said lease by the payment and acceptance of said rental."

From the judgment which was entered in accordance with the findings of fact and conclusions of law for the sum of $3200 in favor of lessors, this appeal is prosecuted by the lessee "on the theory that the right of appellant to extend the period of drilling the first well under said . . . lease by the giving of written notice of intention and by the payment of the stipulated monthly rental was permissive, and when exercised and rental paid each month, it extended the period for one month only and no rental accrued, unless appellant gave written notice of its intention to extend said period for a definite period of time, in any event not to exceed five years."

The only reasonable construction of the lease was followed by the trial court. The amounts paid by appellant were made under the terms of the lease, and it was unnecessary to give any written notice of extension so long as the monthly payments were tendered and accepted. The only way in which the lease could be terminated and the liability to pay rental obviated would be for appellant to commence drilling or quitclaim the premises, as provided by the terms of the said lease.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.